UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CORREA,

               Plaintiff,

          -against-

SGT. LYNCH, et al.,

               Defendants.

**ORDER**

20-CV-02875 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Anthony Correa ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action by a Complaint filed on April 6, 2020. (Doc. 2). Plaintiff alleged generally that his Eighth Amendment rights were violated when officials: (1) either used or failed to intervene in the use of excessive force against him; and (2) were deliberately indifferent to his serious medical needs following the use of excessive force. (*See id*. at 5-8).

      On May 20, 2021, this Court issued a Memorandum Opinion and Order as to certain Defendants' motions to dismiss, directed that Answers be filed within fourteen days thereafter, and directed that the Clerk of the Court mail a copy of the decision to Plaintiff at the address Plaintiff provided to the Court. (Doc. 48). On May 28, 2021, the mail sent to Plaintiff was returned to the Court "for the following reason(s): No Longer Here, RTS Paroled." (May 28, 2021 Entry).

      On June 1, 2021, the Court issued a Notice of Initial Conference scheduling an Initial Pretrial Telephone Conference for August 5, 2021 at 11:30 a.m. (Doc. 52). Approximately one week later, on June 7, 2021, the Court endorsed a letter and granted an application to terminate an appearance entered mistakenly by counsel. (Doc. 56). The Court, in that endorsement, once again directed the Clerk of the Court to mail a copy of that Order to Plaintiff at the address Plaintiff

provided to the Court. (*Id*.). That mailing was returned to the Court on June 15, 2021 "for the following reason(s): RTS, Paroled 12/30/20, No Longer Here." (June 15, 2021 Entry).

On July 14, 2021, counsel for the Matis Defendants filed a letter advising that he had been unable to contact Plaintiff. (Doc. 57). That letter represented that counsel had "no other address for Plaintiff nor means to contact him . . . ." (*Id*.). The next day, July 15, 2021, the Court issued an Order stating, *inter alia*:

> It is Plaintiff's obligation to provide the Court with an address for mail service, *see* Fed. R. Civ. P. 11(a), but he has not done so. The Court therefore directs Plaintiff, within thirty days [(*i.e.*, August 16, 2021)], to provide the Court with his new mailing address. The Court may dismiss this action without prejudice if Plaintiff fails to provide the Court with an address for service. The conference scheduled for August 5, 2021 is adjourned *sine die*.

(Doc. 58 at 1-2). The Order also directed the Clerk of the Court to mail a copy of that Order and a copy of the May 20, 2021 Memorandum Opinion and Order to Plaintiff at the address he provided. (*Id*. at 2). That mailing was returned to the Court on July 23, 2021 "for the following reason(s): Return To Sender Attempted – Not Known Unable To Forward RTS." (July 23, 2021 Entry).

On August 31, 2021, approximately two weeks after the deadline by which Plaintiff was required to update his address, the Matis Defendants filed a letter requesting that this action be dismissed without prejudice. (Doc. 59). The following day, September 1, 2021, Moore filed a letter "join[ing] . . . the request made by co-defendants . . . that the plaintiff's action be dismissed without prejudice." (Doc. 60).

Approximately one month later, on September 28, 2021, this Court issued an Order to Show Cause directing Plaintiff to "show cause in writing on or before November 1, 2021, why this action should not be dismissed without prejudice for want of prosecution pursuant to Rule 41(b)." (Doc. 61 at 3). The Court warned specifically that "[f]ailure to respond to this Order will result in dismissal of this case without prejudice for want of prosecution pursuant to Rule 41(b)." (*Id*.). The

Court directed the Clerk of the Court to mail a copy of the September 28, 2021 Order to Show cause, the July 15, 2021 Order, and the May 20, 2021 Memorandum Opinion and Order to Plaintiff at the address listed on the docket. (*Id.*). That mailing was returned to the Court roughly two weeks later, on October 14, 2021, "for the following reason(s): RTS." (Oct. 14, 2021 Entry).

## STANDARD OF REVIEW

The Second Circuit has recognized that under Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-04000, 2015 WL 9581783, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "However, even *pro se* litigants must prosecute claims diligently, and dismissal . . . is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-04976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

Dismissal of this action for failure to prosecute under Rule 41(b) is proper here. As to the first factor, Plaintiff has failed to respond to two separate Orders since July 2021. On July 15, 2021, this Court issued an Order advising that "[i]t is Plaintiff's obligation to provide the Court with an address for mail service," directing Plaintiff to provide his new mailing address within thirty days, and warning that his failure to provide a current address could result in dismissal without prejudice. (Doc. 58). Receiving no response, the Court issued an Order to Show Cause on September 28, 2021 and warned that the action would be dismissed for want of prosecution unless,

on or before November 1, 2021, "Plaintiff show[ed] cause in writing . . . why this action should not be dismissed . . . ." (Doc. 61 at 3). The failure to comply with these Orders supports dismissal. *See, e.g.*, *Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41."); *Osborn v. Montgomery*, No. 15-CV-09730, 2018 WL 2059944, at *3 (S.D.N.Y. Apr. 6, 2018) ("[C]ourts within this District have found five-month delays significant enough to justify dismissal."), *adopted by* 2018 WL 2059842 (S.D.N.Y. May 1, 2018); *Lewis*, 2015 WL 4620120, at *3-4.

Second, Plaintiff has twice been warned that failure to comply with the Court's directives could result in dismissal of this action. (*See* Doc. 58; Doc. 61). Such warnings support dismissal. *See Evans v. City of Yonkers*, No. 19-CV-00794, 2020 WL 7496356, at *3 (S.D.N.Y. Dec. 18, 2020); *Davis v. Correct Care Solutions*, No. 19-CV-10588, 2020 WL 6064184, at *3 (S.D.N.Y. Oct. 14, 2020).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here in inexcusable: Plaintiff has not complied with the Court's directives and, in fact, has not filed anything in this matter since advising the Court of a change of address on September 17, 2020. (Doc. 32).

Fourth, the Court has balanced the need to alleviate court congestion with Plaintiff's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since February 2021, the Court has issued two Orders pressing Plaintiff

to participate in this action and update his address; he has not complied with those Orders and there is no reason to believe that he intends to pursue this action any further.

Finally, lesser sanctions are not appropriate. Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-03707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to terminate this action and mail a copy of this Order to Plaintiff at the address provided on the docket.

                                              **SO ORDERED:**

Dated:   White Plains, New York
             January 18, 2022

                                              PHILIP M. HALPERN
                                              United States District Judge